# SUPREME COURT OF THE UNITED STATES

### SAMANTHA ESTEFENIA FRANCISCO CASTRO *v.* JOSE LEONARDO BRITO GUEVARA

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 25–666.   Decided April 20, 2026

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

The Hague Convention on the Civil Aspects of International Child Abduction was adopted "in response to the problem of international child abductions during domestic disputes." *Abbott* v. *Abbott*, 560 U. S. 1, 8 (2010). When one parent "abducts a child and flees to another country," the Convention "generally requires that country to return the child immediately if the other parent requests return within one year." *Lozano* v. *Montoya Alvarez*, 572 U. S. 1, 4 (2014). If, however, the request is filed more than one year after the abduction, then under the "well-settled defense," the child may be permitted to remain in the new country if "'it is demonstrated that the child is now settled in [his or her] new environment,'" *id.*, at 5.

This case concerns A. F., a child born in Venezuela to petitioner and respondent. In 2021, when A. F. was three years old, petitioner took A.F. without respondent's consent and left Venezuela for the United States. Respondent immediately sought her return through Venezuelan and U. S. authorities, but did not file this lawsuit until 2023. The District Court found that A. F. was well settled in the United States and should not be returned to Venezuela. The Fifth Circuit reversed and ordered A. F. to be returned. Petitioner then sought an emergency stay from this Court pending disposition of this petition for certiorari, arguing

that a stay was necessary to preserve the status quo to allow this Court to review an important issue that has divided the courts of appeals. The Court denied the application in November 2025 over two noted dissents, including mine. See 607 U. S. ___.

Petitioner now asks this Court to address a narrow question: What standard of review should a court of appeals apply when reviewing a district court's finding of whether a child is well settled in a new environment? The Fifth Circuit held in this case that such findings are primarily legal in nature, and thus should be reviewed *de novo.* 155 F. 4th, at 361–363. As the Fifth Circuit acknowledged, its decision deepened an entrenched split among the Federal Courts of Appeals. *Id.*, at 363, n. 40. At least three Circuits agree with the Fifth Circuit's position and have applied *de novo* review. See *Alcala* v. *Hernandez*, 826 F. 3d 161, 171, n. 7 (CA4 2016); *In re B. Del C. S. B.*, 559 F. 3d 999, 1008 (CA9 2009); see also *Lomanto* v. *Agbelusi*, 2024 WL 3342415, *2 (CA2, July 9, 2024) (applying *de novo* review). Two other Circuits, however, treat these findings as primarily factual, and thus review them for clear error. See *Da Costa* v. *De Lima*, 94 F. 4th 174, 181 (CA1 2024); *Cuenca* v. *Rojas*, 99 F. 4th 1344, 1350 (CA11 2024).

This Circuit split warrants this Court's attention. When Congress codified the Hague Convention, it expressly "recognize[d] . . . the need for uniform international interpretation of the Convention." 22 U. S. C. §9001(b)(3)(B). Consistent with this congressional mandate, this Court regularly grants review in Hague Convention cases to resolve Circuit splits. See, *e.g.*, *Golan* v. *Saada*, 596 U. S. 666, 676, and n. 6 (2022); *Monasky* v. *Taglieri*, 589 U. S. 68, 76 (2020); *Lozano*, 572 U. S., at 10; *Abbott*, 560 U. S., at 7.

The Court's review is also necessary because the decision below may be erroneous. In *Monasky*, this Court held that a District Court's finding that a child habitually resides in a country (that is, whether the child is "at home" in that

country) is a primarily factual finding that turns on the totality of the circumstances and must be reviewed for clear error. 589 U. S., at 84. "Clear-error review," the Court explained, also "has a particular virtue in Hague Convention cases" because it "speeds up appeals and thus serves the Convention's premium on expedition." *Ibid.* Although this Court has not previously addressed the test for when a child is settled in a new environment, the lower courts have coalesced around weighing as many as seven nondispositive factors like the child's age, the stability and duration of the child's residence, the child's attendance in school, the child's friends and family in the area, the child's immigration status, and more. 155 F. 4th, at 360–361 (listing seven factors); accord, *Alcala*, 826 F. 3d, at 171; *Lozano* v. *Alvarez*, 697 F. 3d 41, 57 (CA2 2012), aff'd on other grounds, 572 U. S. 1; *In re B. Del C. S. B.*, 559 F. 3d, at 1009. This multifactor test is similar to the totality-of-the-circumstances test for habitual residence that this Court adopted in *Monasky*. See 155 F. 4th, at 369–373 (Douglas, J., dissenting). Moreover, whether a child is "at home" in one country is the converse of whether the child has become "well settled" in another country. See *In re B. Del C. S. B.*, 559 F. 3d, at 1008 (explaining that the two tests are "analogous"). As a result, *Monasky* suggests that clear-error review also should apply to a finding that a child is well settled.

Nevertheless, I concur in the denial of certiorari in this case because it is not an appropriate vehicle for this Court's review. After this Court denied the emergency stay application, A. F. returned to Venezuela in January 2026. Even if this Court were to grant the petition for certiorari now and rule for petitioner next Term, A. F. likely would not return to the United States for over a year, if not longer, given the Court's typical schedule for deciding cases and the possible need for further proceedings on remand. By that point, the well-settled analysis would look very different. Then, it would not be clear that returning to this country a

year from now would be in A. F.'s best interests. See Hague Convention on the Civil Aspects of International Child Abduction, Mar. 26, 1986, T. I. A. S. No. 11670, S. Treaty Doc. No. 99–11, p. 7 (placing "paramount importance" on "the interests of children"). Today, A. F. is eight years old, and it could greatly disturb her formative years to uproot her life yet again.

Had the Court granted a stay last fall, it would have prevented all this potential disruption and maintained the presuit status quo because A. F. could have stayed in the United States pending the disposition of this case. The Court should have done so: Preserving the presuit status quo to enable later review by this Court of an issue worthy of certiorari, after all, is a hallmark reason for this Court to grant emergency interim relief. See, *e.g.*, *Whole Woman's Health* v. *Jackson*, 594 U. S. ___, ___ (2021) (ROBERTS, C. J., dissenting from denial of application for injunctive relief) (slip op., at 2) ("I would grant preliminary relief to preserve the status quo ante"). The Court chose otherwise, and the predictable consequences have followed. I therefore concur in the denial of certiorari in light of these changed circumstances and the Hague Convention's central emphasis on the child's well-being.